**U.S. Department of Justice**

Roscoe C. Howard, Jr.
United States Attorney

*District of Columbia*

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

July 27, 2005, ***FINAL***

**FILED**

**JUL 2 7 2005**

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Mr. Carlos Vanegas, Esq., AFPD
Counsel for Defendant Ricardo Lamont Seldon
Office of the Federal Public Defender
625 Indiana Avenue, N.W., Fifth Floor, Suite 550
Washington, D.C. 20004
(202) 208-7500
(202) 208-7515 (fax)
Carlos_Vanegas@fd.org

Re: <u>United States</u> v. <u>Ricardo Lamont Seldon</u>, Cr. No. 05-0260 (RMC), (formerly Mag. No. 05-0372m)

Dear Mr. Vanegas:

This letter states the plea agreement between your client, Ricardo Lamont Seldon, and the United States of America (also called "the Government" or "this office" in this letter). As you know, this matter is set to be called before U.S. District Judge Rosemary M. Collyer, today, Wednesday, July 27, 2005, at 2:30 p.m., at which time we expect that defendant will plead guilty to the three-count criminal information charging him with: (1) a violation of 18 U.S.C. §922(q), that is, unlawful possession of a firearm in a school zone; (2) a violation of District of Columbia Code § 48-904.01(a)(1), that is unlawful possession with intent to distribute a controlled substance (cocaine); and, (3) a violation of D.C. Code 22-4504(a), that is, unlawful carrying a pistol without a license. The terms and conditions of this plea offer are as follows:

<u>Mr. Seldon's Obligations</u>:

1.    Your client, Ricardo Lamont Seldon, agrees to admit his guilt and enter pleas of guilty to all three counts in the criminal information that we filed with your authorization based upon our earlier plea agreement in principle. The following are the maximum penalties for each crime.

(a)    Count One charges unlawful possession of a firearm in a school zone, in violation of 18 U.S.C. §§ 922(q)(2)(A) & 924(a)(4); this is a statutory misdemeanor carrying a maximum term of imprisonment of five years, which must be served consecutively to any other term of imprisonment. The other maximum penalties for this offense include: (i) a fine of not more than $100,000, 18 U.S.C. § 3571(b)(5); (ii) a term of supervised release -- after any time in prison -- of

not more than one year, 18 U.S.C. § 3583(b)(3); and, (iii) a special assessment of $25, 18 U.S.C. § 3013(a)(1)(A)(iii).

(b)     Count Two charges your client with unlawful possession with intent to distribute a controlled substance (cocaine), in violation of D.C. Code § 48–904.01(a)(1). Your client knows that, under D.C. Code § 48-904.01(a)(2)(A), the maximum penalties for this offense are:

(A) A term in prison of not more than 30 years;
(B) A fine of not more than $500,000, or both term in prison and the fine; and,
(C) After any term of imprisonment, "a period of supervision ("supervised release") . . . ," of five years, DCC §§ 24-403.01(b)(1) & 24-403.01(b)(2)(A); and,
(D) An assessment of between $100 and $5000 to the Crime Victims Compensation Fund. D.C. Code § 3-436.

(c) Count Three charges your client with unlawfully carrying a pistol without a license, which is a violation of District of Columbia Code §§ 22-4504(a)(1) (2001 ed.; formerly D.C.C. § 22-3204(a)(1) (1981 ed.)). Under the terms of this plea agreement, the maximum penalties for this offense are:

(1) A term in prison of not more than five years;
(2) A fine of not more than $5,000; and,
(3) If defendant is sentenced to imprisonment, "a period of supervision ('supervised release') to follow release from the imprisonment." The term of supervised release shall be three years, if defendant is sentenced to more than one year in prison. The term of supervised release shall be not more than three years if defendant is sentenced to prison for one year or less. D.C.C. § 24-403.01(b); and,
(4) An assessment of between $100 and $5000 to the Crime Victims Compensation Fund. D.C.C. § 3-436.

(d)     Your client also understands that 18 U.S.C. § 3571 and § 5E1.2 of the U.S. Sentencing Commission Guidelines Manual authorize the Court to levy a fine that is enough to pay the federal government its costs of any imprisonment, term of supervised release, and period of probation. Your client agrees to pay the special assessment to the Office of the Clerk of the Court for the U.S. District Court for the District of Columbia before the date of sentencing.

2.     In entering these guilty pleas, your client understands he is waiving certain rights afforded him by the U.S. Constitution or by statute. Your client understands that the Fifth Amendment to the U.S. Constitution states that he may not be compelled in any criminal case to be a witness against himself. By entering this guilty plea, your client knowingly and voluntarily waives this right because he will admit under oath that he did the acts making out the crimes to which he is pleading guilty. Your client also understands that by pleading guilty he gives up his rights:

(1) to have an indictment returned against him after his arrest within the time set forth in the Speedy Trial Act, 18 U.S.C. §§ 3061, *et seq.*;

(2) to be tried to a jury or a judge sitting without a jury;

(3) to be assisted by an attorney at trial;

(4) to confront and cross-examine witnesses against him;

(5) to challenge the admissibility of the evidence against him;

(6) to testify in his own behalf and to present witnesses at trial in his behalf;

(7) to appeal any rulings made by the trial court in this case, except those concerning whether any sentence in this case was lawfully imposed; and,

(8) to be prosecuted by grand jury indictment on the felony charges to which he is pleading guilty; instead, your client agrees to plead guilty to a criminal information.

By signing this letter below, your client states that he understands the rights that he is waiving, that he has discussed what this means with his attorney, and that he freely waives them, knowing why he is doing so. Your client agrees further that should he ever move to withdraw these guilty pleas whatever other consequences it may have, this paragraph and his signature on this document may be used to show that he made an informed and voluntary decision to plead guilty.

3(a).    Your client specifically admits certain facts as true when pleading. He agrees that his pleas are proof of each fact beyond a reasonable doubt and that the government separately can prove each fact is true beyond a reasonable doubt. These facts are:

> The events in this case took place on Tuesday, June 28, 2005, beginning shortly after 11:00 p.m. in the evening. They happened in the area around the 300 blocks of Decatur Street, N.W., and Delafield Place, N.W., Washington, D.C. The Barnard Elementary School is located at 430 Decatur Street, N.W., and is a public school whose building and grounds are within 1000 feet of the corners of 3rd & Decatur Streets, N.W., and 3rd Street & Delafield Place, N.W. At about this time of evening, sworn officers of the Metropolitan Police Department (MPD) saw your client standing on the corner at 3rd & Decatur Street, N.W. Defendant Seldon saw the officers, and ran away up 3rd Street, N.W., turning on Delafield Place, N.W. In the 300 block of that street, at least one of the officers saw your client pull a handgun from his waist area and throw it under a car. An officer stayed by the car under which defendant had thrown the gun, while others chased him along Delafield Place, N.W. At least one of the officers saw your client toss away a plastic bag, suspected to contain illegal drugs. Your client eventually stopped, and police caught him.

> Police seized the gun defendant had thrown under the car, as well as the bag of suspected drugs defendant Seldon had tossed away. The gun was a Ruger-made nine-millimetre pistol, loaded with twelve bullets. The drugs appeared to be crack cocaine base and weighed about eight grams with packaging. A field-test of the suspected crack confirmed it contained cocaine. The amount, packaging, and other things defendant was doing show that defendant planned to sell the crack, rather than smoke it himself. When police arrested defendant, they seized from him more than $1320 in cash.

3

Defendant Seldon acknowledges that he had the suspected crack to sell it illegally, that is, that he possessed the drug with intent to distribute. He agrees further that the Government can prove this beyond a reasonable doubt. Further he knew he was within 1000 feet of the Barnard school referred to above. The drugs that police seized from defendant's constructive possession on June 28, 2005, have been sent for scientific analysis and weighing. The crack seized is a cocaine base in the form commonly known on the street as "crack." It is an off-white, rocky type substance, to be distinguished from cocaine hydrochloride powder. It commonly is made by "cooking" cocaine powder mixed with a liquid and baking soda, sometimes in a microwave oven or on a stove.

Neither the Ruger pistol nor the bullets in it were made in the District of Columbia, and thus they had travelled in interstate or foreign commerce before being found in your client's possession. Further, your client will acknowledge that the Government can prove that pistol was designed to or does shoot a bullet using gunpowder, that is, the gun is a weapon that was designed to or does expel a projectile by the action of an explosive. Indeed, police test-fired the gun, and found it to be operable and to shoot a bullet. Your client has no license to carry a pistol. He was not at home, at his place of business, or on land or premises that he controls.

(b)    Your client also is aware that any sentence for the conviction of the school-house firearm offense must be served consecutively to any other sentence defendant may have to serve for other convictions in this case or any others he might have. Your client further understands that he will be sentenced according to 18 U.S.C. §§ 3553(a) & 3553(c)-3553(f), upon consideration of the U.S. Sentencing Commission <u>Guidelines Manual</u> (also called the "Sentencing Guidelines" or "U.S.S.G." in this letter). These laws will apply to determine your client's guideline range. In any event, your client recognizes that the final sentencing guideline range is determined solely by the trial court, usually based upon information contained in a Presentence Investigation (PSI) report prepared by the U.S. Probation office. Whatever lawful sentence the Court imposes in this case, including a sentence more severe than your client expected when pleading guilty, your client knows that he will have no right to withdraw his pleas. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

4.    Your client previously has been released to the third-party custody of the District of Columbia Department of Corrections for placement in a halfway house. Provided that your client is found eligible for the program, after his guilty pleas, the Government will not object to your client being released on condition that he must observe the Pre-Trial Service Agency's High Intensity Supervision Program (HIS), electronic-monitoring component. Should your client violate any condition of his release for this program, the Government will be free to ask the Court to order your client held without bail pending sentencing. Even though the Government will not object to this change in bail, the Court is free to set its own conditions of bail pending sentencing, including detaining your client without bail, continuing him in a halfway house, or some placing other, additional conditions on your client's release. If the Court does any of these things, your client know this will not give him the right to withdraw his guilty pleas.

4

The Government's Obligations:

5(a).    In return for your client's guilty pleas to the three counts in the information, this office agrees that the U.S. Attorney's Office for the District of Columbia will not prosecute your client on any other criminal charges, under either federal or District of Columbia law, arising from your client's arrest in this case on June 28, 2005.

(b)    The government agrees that your client's base offense level should be reduced to reflect his acceptance of responsibility by entering into an early guilty plea. The government will advise the probation officer preparing the Presentence Investigation (PSI) Report that should receive a full reduction for acceptance of responsibility. (***The government reserves the right to argue against such a reduction for acceptance of responsibility should your client commit any conduct inconsistent with acceptance of responsibility, as defined in U.S.S.G. § 3E1.1.***) The government will make clear that your client indicated very quickly after his arrest that he wished to accept responsibility and that, to this end, he agreed to exclude time from the periods under the Speedy Trial Act within which the government was required to ask the grand jury to return a felony indictment. Should the Court decide that a motion is required for your client to receive a full reduction for acceptance of responsibility, the Government agrees that the final, signed version of this plea letter may be treated as such a motion.

6.    Your client also agrees that because an illegal firearm was seized from his possession, your client consents to the administrative forfeiture, official use and/or destruction of said firearm or contraband by any law enforcement agency involved in the seizure of these items. Your client also agrees to forfeiture of the $1324 in cash seized from him at the time of his arrest, admitting here that this was the proceeds of illegal drug sales. Your client agrees to take whatever steps are needed to effect the forfeiture of these items, including not filing a claim, not opposing a judicial order of forfeiture, waiving available defenses, and signing consent forms.

7.    Your client understands that this Office reserves its full right of allocution for at sentencing. Regardless of what we have agreed to in this letter regarding the position the Government will take on any issue of law or fact, this Office reserves its right to defend in a collateral attack in the trial Court or on appeal any ruling made by the trial Court in this case. ***This agreement permits the Government to defend at any time in any Court any ruling made by the trial Court in this case, even if we initially have agreed not to ask the Court to make that ruling***. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion that get filed in this matter and any proceedings before the Bureau of Prisons. In addition, your client acknowledges that this agreement does not require the Government to file any downward departure sentencing motion under any provision of law, and we have no plan to do so.

8.    The parties agree that the government will not seek an upward departure and your client will not seek a downward departure from the final sentencing guideline range determined by the Court at sentencing.

9.    Your client understands and agrees that your client will not be allowed to withdraw the guilty pleas entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

10.    This agreement only binds the U.S. Attorney's Office for the District of Columbia. It does not bind any other U.S. Attorney's Office or any other office or agency of the U.S. Government, including, but not limited to, the U.S. Department of Justice's Tax Division, the U.S. Department of the Treasury's Internal Revenue Service; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

11.    This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and this Office. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client. There are no other agreements, promises, understandings or undertakings between your client. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

KENNETH WAINSTEIN
UNITED STATES ATTORNEY

BY:    Barry Wiegand
Assistant U.S. Attorney
(202) 514-7315 (o); (202) 514-8707 (fax)
William.B.Wiegand@USDoJ.Gov

## DEFENDANT'S ACCEPTANCE

I have read this letter containing the plea agreement and have discussed it fully with my attorney, Mr. Carlos Vanegas, Esq., AFPD, who has explained the meaning of the entire agreement to me. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this

plea agreement and matters related to it.

Date: _7-27-05_        _Ricardo Lamont Seldon_
                                       Ricardo Lamont Seldon, Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the five pages constituting this plea agreement, reviewed them with my client, and discussed its provisions with him fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _7/27/05_        _Carlos_
                                    Mr. Carlos Vanegas, Esq., AFPD
                                    Attorney for Defendant Seldon