UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Crim. No. 05-0260 (RMC) |
| | : | |
| **RICARDO LAMONT SELDON,** | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION TO REVOKE DEFENDANT'S BAIL
PENDING SENTENCING AND TO ISSUE A COMMITMENT**

*COMES NOW*, the United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully to move this Honorable Court to revoke defendant's release and hold him without bail pending sentencing, as well as to issue a commitment to bring him before this Court. In support whereof, we submit as follows:

1. In this case, on July 27, 2005, defendant pled guilty to a criminal information charging him (1) a violation of 18 U.S.C. §922(q), that is, unlawful possession of a firearm in a school zone; (2) a violation of District of Columbia Code § 48-904.01(a)(1), that is unlawful possession with intent to distribute a controlled substance (cocaine); and, (3) a violation of D.C. Code 22-4504(a), that is, unlawful carrying a pistol without a license.  With the Government's agreement, the Court released defendant on his same bail pending sentencing, which this morning was reset for November 18, 2005, at 10:15 a.m.  (Until today, it had been set for this Friday, November 4, 2005.)

2. Shortly before 7:30 in the evening of last Tuesday, October 25, 2005, police served a narcotic search warrant at defendant's home at xxxxx xxxxx xxxxxxxxxx xxxxxxx, Washington, D.C. Defendant lives there with his grandparents, and it his address of record with the Court in this case,

1

as listed in the Pre-Sentence Investigation (PSI) report.  From defendant's bedroom, police seized about an ounce of suspected crack cocaine base, a nine-millimetre, semi-automatic pistol, at least three kinds of ammunition, including shotgun shells, and about $500 in cash.  Police also found a surveillance monitor in the bedroom, whose camera captured the front entrance.  From the basement, police seized an unloaded shotgun and long-rifle.  Defendant was not home during the raid.  The affidavit in support of the search warrant most strongly suggests that defendant had sold someone illegal narcotics at his home, which was the basis for issuing the warrant.

3.    After the raid, police got an arrest warrant for defendant from the Superior Court of the District of Columbia, charging him with Carrying a Pistol without a Licence (CPWL – the same offense to which he pled guilty before this Court).  Defendant surrendered himself to Metropolitan Police Department (MPD) officers last Friday, October 28, 2005.  The Government charged him in Superior Court with the CPWL crime.  Attached to this motion is a copy of the MPD arrest/prosecution report, form PD 163, which describes the events leading to defendant's arrest, an unexecuted copy of the "Gerstein" statement of the facts, a sworn copy of which the Government filed with the criminal complaint in Superior Court, and a copy of the search warrant.

4.    When defendant was presented on the charge in Superior Court, a judge ordered him detained temporarily under a D.C. Code provision, which is the equivalent of 18 U.S.C. § 3142(d)(1)(A), because he had been released on a pending felony charge and was awaiting sentencing in this Court. (While federal law authorizes a ten-day period of temporary detention, the D.C. Code equivalent provision authorizes only a five-day period).  The Court set a preliminary hearing in the new CPWL case for this morning, Tuesday, November 1, 2005.  At that hearing,

according to another Assistant U.S. Attorney present, Magistrate Judge Frederick Sullivan ordered defendant detained.

5.  We respectfully submit this motion to revoke defendant's bail on the ground that he has violated his conditions of release by committing a new crime. This warrants him being held without bail pending sentencing. Title 18 U.S.C., Section 3148 states:

> **(a) Available sanctions.** -- A person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court.
>
> **(b) Revocation of release.** -- The attorney for the government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. A judicial officer may issue a warrant for the arrest of the person charged with violating a condition of release.... To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer --
>
>> (1) finds that there is --
>>
>>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>>
>>> (B) clear and convincing evidence that the person has violated another condition of release and
>>
>> (2) finds that
>>
>>> (A)... there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>>>
>>> (B) the person is unlikely to abide by any condition or combination of conditions of release.

> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not flee or pose a danger to the safety of any other person or the community. . . .

Because defendant for now is in custody on the Superior Court charge, this Court does not have to approve a warrant now for his arrest. Instead, it need only issue a commitment to keep defendant in custody until he can be brought to Court for a hearing on this motion.

5.  When a defendant has been found guilty of committing an offense and is awaiting sentencing, 18 U.S.C. § 3143 generally requires that he be held without bail pending sentencing, particularly when the crime is a drug felony punishable by more than ten years in prison. In this case, defendant was convicted of a drug felony punishable by up to 30 years in prison, but the offense is against the District of Columbia Code, not the federal Controlled Substances Act. Defendant's plea agreement with the Government states:

> []. Your client previously has been released to the third-party custody of the District of Columbia Department of Corrections for placement in a halfway house. Provided that your client is found eligible for the program, after his guilty pleas, the Government will not object to your client being released on condition that he must observe the Pre-Trial Service Agency's High Intensity Supervision Program (HIS), electronic-monitoring component. Should your client violate any condition of his release for this program, the Government will be free to ask the Court to order your client held without bail pending sentencing. Even though the Government will not object to this change in bail, the Court is free to set its own conditions of bail pending sentencing, including detaining your client without bail, continuing him in a halfway house, or some placing other, additional conditions on your client's release. If the Court does any of these things, your client know this will not give him the right to withdraw his guilty pleas.

Although defendant was fortunate enough to be released pending sentencing, without objection from the government, his new arrest shows that his bail should be revoked.

6.   Undersigned counsel assumes defendant and counsel oppose this motion. A proposed order granting this motion is attached.

**WHEREFORE**, the United States respectfully prays this Honorable Court to grant this motion and to order that defendant be detained without bond pending sentencing.

Respectfully submitted,

KENNETH L. WAINSTEIN
D.C. Bar No. 451058
Attorney of the United States in
and for the District of Columbia

By:   Barry Wiegand, Bar No. 424288
Assistant U.S. Attorney
555 4th Street, N.W., Room 4444
Washington, D.C. 20001
(202) 514-7315
(202) 514-8707 (fax)
William.B.Wiegand@USDoJ.Gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused service of the foregoing to be made by telefaxing and e-mailing a copy of it to counsel for defendant, Mr. Carlos Vanegas, Esq., AFPD,, Office of the Federal Defender, Suite 550, 625 Indiana Avenue, N.W., Washington, D.C. 20004, (202) 208-7500; (202) 208-7516 (fax) Carlos_Vanegas@Fd.org, this first day of November 2005, and that I also have had a copy of it deposited into the U.S. mails, first-class postage pre-paid, addressed to Mr. Vanegas.

Barry Wiegand
Assistant U.S. Attorney