AO 245B (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | **FILED** |
| RICARDO LAMONT SELDON | Case Number: 05-260 |
| | USM Number: 28168-016 SEP 25 2006 |
| | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |
| | Harry Tun, Esquire |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   one, two and three of the information.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 922(q)(2)(A) | Possession of a Firearm in a School Zone | June 28, 2005 | 1 |

The defendant is sentenced as provided in pages 2 through __12__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 12, 2006
Date of Imposition of Judgment

*/s/ Rosemary M. Collyer*
Signature of Judge

Rosemary M. Collyer     U.S. District Court Judge
Name of Judge           Title of Judge

25 Sept. 2006
Date

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1A

Judgment—Page 2 of 12

DEFENDANT: RICARDO LAMONT SELDON
CASE NUMBER: 05-260

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 48 D.C.C. 904.01(a)(1) | Unlawful Possession With Intent to Distribute Controlled Substance | June 28, 2005 | 2 |
| 22 D.C.C. §4504(a) | Carrying a Pistol Without a License | June 28, 2005 | 3 |

AO 245B   (Rev. 06/05) Judgment in Criminal Case
            Sheet 2 — Imprisonment

Judgment — Page  3  of  12

DEFENDANT: RICARDO LAMONT SELDON
CASE NUMBER: 05-260

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

57 months as to count one and 12 months as to counts two and three of the information with credit for time already served. The sentence imposed on count one shall run consecutively to the sentence imposed on counts two and three.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be housed at FCI Butner in Butner, North Carolina. The Court also recommends that the defendant receive a mental health evaluation and vocational training while at FCI Butner.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____  ☐ a.m.  ☐ p.m.  on _____.

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____.

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __4__ of __12__

DEFENDANT: RICARDO LAMONT SELDON
CASE NUMBER: 05-260

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Upon release from imprisonment, the defendant shall be subject to supervised release for a term of one year as to count one and three years as to counts two and three with conditions. The terms of supervised release shall be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [ ] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page  5  of  12

DEFENDANT: RICARDO LAMONT SELDON
CASE NUMBER: 05-260

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall participate in an educational/vocational skills training program, as approved and directed by the Probation Office.

The defendant shall participate in a mental health treatment program, which may include outpatient counseling or residential placement, as approved and directed by the Probation Office.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court. Treatment agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

The defendant has the right to appeal the sentence imposed by this Court. If the defendant chooses to appeal, the defendant must do so within 10 days after the Court has entered judgment in this case. If the defendant is unable to afford the cost of an appeal, the defendant may request permission from the Court to file an appeal in forma pauperis - that is, without any cost to him.

DEFENDANT: RICARDO LAMONT SELDON
CASE NUMBER: 05-260

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 300.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |

| TOTALS | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: RICARDO LAMONT SELDON
CASE NUMBER: 05-260

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk of the Court for the US District Court, District of Columbia a special assessment of $100.00 for count one, which shall be due immediately.

The defendant shall pay to the Criminal Finance Office, Room 4203, DC Superior Court, 500 Indiana Avenue, NW, Washington, DC, an assessment fee of $200 ($50 per misdemeanor and $100 per felony) which is due immediately.

The Court finds that the defendant does not have the ability to pay a fine and, therefore, waives imposition of a fine in this case. No alternative sanctions are imposed.

DEFENDANT: RICARDO LAMONT SELDON
CASE NUMBER: 05-260

Judgment—Page 8 of 12

## ADDITIONAL FORFEITED PROPERTY

The defendant shall forfeit to the United States his interest in the $1,324.00 cash seized from him at the time of arrest.